IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN LEE LEWIS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | 3:06-CV-200-WKW |
| | ) | (WO) |
| T.K. DAVIS JUSTICE CENTER, | ) | |
| et al, | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONDENTS' ANSWER TO COURT'S ORDER TO SHOW CAUSE

Come now Respondents, by and through the Attorney General of the State of

Alabama, and file their response to this Court's Order to Show Cause dated March

10, 2006. In response, Respondents file the following answer, memorandum brief,

and exhibits.

## PROCEDURAL HISTORY

1. The Petitioner, Calvin Lee Lewis, was convicted in the Opelika

Municipal Court of one count each of driving on the wrong side of the highway,

operating a vehicle without insurance, and driving while his license was revoked.

State's Exhibits A, B, and C.   On September 13, 2005, he appealed each case to the Lee County Circuit Court.  Id.  It appears from the record that, after Lewis failed to appear at his arraignment scheduled for November 17, 2005, the cases were remanded.  Id.; Petition, p. 5.  Lewis was fined $20 for his driving on the wrong side of the highway conviction, $100 for his driving without insurance conviction, and $300 for his driving with a revoked license conviction.  State's Exhibits A, B, and C.  Lewis did not appeal these convictions to a higher state court.  Id.; Petition, p. 2.

## LEWIS'S FEDERAL HABEAS CLAIMS

4. On March 2, 2006, Lewis filed a writ of habeas corpus petition in this Court raising the claims that he was not given enough time for his appeal and that he was in jail "and no one called [him] for court." Petition, p. 5.

5. On March 10, 2006, this Court entered an order granting Respondents 20 days to show cause why Lewis's habeas corpus petition should not be granted.

## ANSWER TO THE PETITION

6. Lewis's federal habeas corpus petition is timely under the one-year statute of limitation provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

7. Lewis's claims have been procedurally defaulted because he failed to raise this issue in a properly filed petition for writ of certiorari before the Supreme Court of Alabama.

8. Respondents deny that Lewis is in custody in violation of the laws or constitution of the United States. Lewis's convictions and sentences were validly and constitutionally obtained.

## MEMORANDUM BRIEF IN SUPPORT OF ANSWER

9. Lewis's claims have been procedurally defaulted. Lewis failed to appeal these claims to the Alabama Court of Criminal Appeals or raise them in a proper petition for certiorari filed with the Supreme Court of Alabama. The time for filing an appeal, furthermore, has expired. As Lewis was sentenced on November 17, 2005, his time for appealing, pursuant to Rule 4(b) of the Alabama Rules of Appellate Procedure, expired on December 29, 2005.

10. Before a habeas petitioner can seek federal review, he must exhaust his state court remedies. Title 28 U.S.C. §2254(b); Walker v. Zant, 693 F.2d 1087 (11th Cir. 1982). If the time to take advantage of such state court remedies has expired, however, the failure to exhaust such remedies becomes "a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." Smith v. Jones,

256 F. 3d 1135, 1138 (11th Cir. 2001). Federal habeas claims not included in a petition for discretionary review with the state's highest court are procedurally defaulted if the time for including such issues in such a petition has expired. O'Sullivan v. Boerckel, 526 U.S. 838, 840-842 (1999). Because Lewis has not filed a petition for certiorari before the Supreme Court of Alabama in compliance with Rule 39 and the time for seeking such relief has expired, his claims have been procedurally defaulted.

## CONCLUSION

Based upon the foregoing authorities and facts, Lewis's federal habeas corpus petition should be dismissed with prejudice.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:


s/John M. Porter
John M. Porter (ASB5818-P77J)
Assistant Attorney General

4

**EXHIBITS**

Exhibit A  -  Case Information and Case Action Summary from Alacourt.com in
Case No. CC-2005-000674.00.


Exhibit B  -  Case Information and Case Action Summary from Alacourt.com in
Case No. CC-2005-000675.00.


Exhibit C  -  Case Information and Case Action Summary from Alacourt.com in
Case No. CC-2005-000676.00.

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2006, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system and I hereby

certify that I have mailed by United States Postal Service the document to the

following non-CM/ECF participants:  Calvin Lee Lewis, T.K. Davis Justice

Center, 2311 Gateway Drive, Opelika, AL 36801.

Respectfully submitted,

s/John M. Porter
John M. Porter(ASB5818-P77J)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail:  JPorter@ago.state.al.us

111417/92590-001