IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| CALVIN LEE LEWIS | * | |
| Petitioner, | * | |
| v. | * | 3:06-CV-200-WKW |
| | | (WO) |
| T.K. DAVIS JUSTICE CENTER, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Calvin Lewis, on February 28, 2006. Petitioner challenges his convictions for driving on the wrong side of the road, operating a vehicle without insurance, and driving while his license was revoked entered against him by the Opelika Municipal Court in Opelika, Alabama. Petitioner filed notice of appeal with the Circuit Court for Lee County, Alabama on September 13, 2005 for a trial *de novo*. The trial court scheduled arraignment for November 17, 2005. The circuit court remanded the case to the lower court after Petitioner failed to appear at the arraignment proceeding. A sentence of 150 days was subsequently imposed on Petitioner and he received fines totaling $420.00. (Doc. No. 1; Doc. No. 7, Exhs. A, B, C.)

In the instant petition, Petitioner complains that his cases were wrongly remanded to the Opelika Municipal Court because, he claims, he did not have enough time to pursue the appeal of his convictions in the Circuit Court for Lee County as he was in jail on the date that the circuit court scheduled an arraignment hearing but no one "called [him] for court." (Doc. No. 1 at 5-6.)

Respondents filed an answer in which they contend that Petitioner's habeas petition is due to be denied because his claim for relief is procedurally defaulted. In support of their procedural default argument, Respondents contend that Petitioner's claim was not presented to the state courts in accordance with the state's procedural rules. (Doc. No. 7 at 3-4.) The court granted Petitioner an opportunity to respond to Respondents' contention but he did not do so. (Doc. No. 8.) After reviewing the § 2254 petition and Respondents' answer, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

Respondents assert that Petitioner has procedurally defaulted the claim presented in his habeas corpus petition. In support of their default argument, Respondents maintain that Petitioner failed to present his claim to the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Lambrix v.*

*Singletary*, 520 U.S. 518, 523 (1997); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). Specifically, Respondents state that Petitioner's claim is presented for the first time in this action. (Doc. No. 7 at 3-4.) *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted). Petitioner's claim is, therefore, defaulted due to his failure to first present his claim for relief in the state courts.

In *Wainwright v. Sykes*, 433 U.S. 72 (1977), the Court held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules unless the petitioner makes either a showing of cause for the procedural default and

actual prejudice arising out of the violation of federal law, *Coleman*, 501 U.S. 722, or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995). To establish cause excusing a procedural default, a petitioner must show that the default resulted from an "objective factor external to the defense that prevented the [petitioner] from raising the claim[s] and which cannot be fairly attributable to his own conduct," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that the defaulted claims raise issues that were "intrinsically beyond [a] *pro se* petitioner's ability to present them. *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir. 1990).

The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise his claim in the state courts properly and prejudice resulting from this failure. Petitioner filed no response. Thus, Petitioner has demonstrated neither cause for his failure to present the claim considered defaulted to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law.

"If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey v. Zant,* 499 U.S. 467, 494-95 (1991). The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a

4

petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (*citing Murray*, 477 U.S. at 496). "To establish actual innocence, [Petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (*citing Schlup*, 513 U.S. at 327-328). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

> *Schlup* observes that
>
>> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Petitioner fails to make the requisite showing. Petitioner presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claim is, therefore, foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Calvin Lewis be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 26, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of September 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE